UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**JOHN KEITH HEBERT**                         **CASE NO. 6:21-CV-03160**

**VERSUS**                                    **JUDGE JAMES D. CAIN, JR.**

**USA ET AL**                                 **MAGISTRATE JUDGE CAROL B. WHITEHURST**

## REPORT AND RECOMMENDATION

Before the Court is the Complaint filed by "John Keith Hebert, IC 'Plata'". (Rec. Doc. 1). Plaintiff's 86-page Complaint asserts claims for "Racketeer Influenced and Corrupt Organizations Claim," "Conspiracy to Interfere with Civil Rights and Action for Neglect to Prevent Claims," Bivens Action Claim, United Nations Convention Against Corruption, and United Convention Against Torture. He named fifty-five defendants, including several individuals, federal agencies, and political celebrities, such as Michele Obama, Nancy Pelosi, and Dianne Feinstein, as well as Judge Robert Summerhays, Magistrate Judge Hanna, and the United States Western District Court. The allegations appear to relate to Plaintiff's employment in or deployment to Afghanistan in 2014. The lengthy factual allegations are difficult to interpret. This is Plaintiff's second such suit against multiple defendants asserting similar claims. This Court previously dismissed that suit as frivolous. *Hebert v. USA*, No. 6:19-cv-00410, Rec. Doc. 7; 9.

The Fifth Circuit has instructed that certain claims are subject to dismissal for lack of subject matter jurisdiction by virtue of their frivolousness and implausibility:

> Some claims are "so insubstantial, implausible, ... or otherwise completely devoid of merit as not to involve a federal controversy." *See Oneida Indian Nation of N.Y. v. Oneida Cty.*, 414 U.S. 661, 666, 94 S.Ct. 772, 39 L.Ed.2d 73 (1974). Federal courts lack power to entertain these "wholly insubstantial and frivolous" claims. *Southpark Square*, 565 F.2d at 343–44. Determining whether a claim is "wholly insubstantial and frivolous" requires asking whether it is "obviously without merit" or whether the claim's "unsoundness so clearly results from the previous decisions of (the Supreme Court) as to foreclose the subject." *Id.* at 342.

*Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1006 (5th Cir. 2019).

After reviewing Plaintiff's Complaint, the Court finds that Plaintiff's claims are wholly insubstantial, frivolous, and obviously without merit. As such, the Court finds that subject matter jurisdiction does not exist and recommends that the suit be dismissed.

## **Conclusion**

For the reasons discussed herein, the Court recommends that Plaintiff's suit be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after

being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 20th day of September, 2021.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE